IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERNON ALLEN and MELANIE ALLEN, | ) |
| | ) Cause No.: 4:21-cv-01444 |
| Plaintiffs, | ) |
| | ) Removed from the Twenty-Second |
| vs. | ) Judicial Circuit Court |
| | ) St. Louis City, Missouri |
| WRIGHT MEDICAL GROUP, INC., and | ) Cause No. 2122-CC09676 |
| WRIGHT MEDICAL TECHNOLOGY, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Wright Medical Technology, Inc. ("Wright Medical"), by and through its undersigned attorneys, hereby removes this case from the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, Cause No. 2122-CC9676, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support thereof, Wright Medical states:

### STATE COURT PROCEEDINGS

1. On or about November 8, 2021, Plaintiffs Vernon Allen and Melanie Allen ("Plaintiffs") filed a Petition in the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, Cause No. 2122-CC09676, naming as defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc.  (*See* Ex. A.)[1]

2. Wright Medical was served with the Petition on November 10, 2021.

---

[1] In accordance with 28 U.S.C. § 1446(a), a complete copy of all state court process, pleadings, orders, and other filings, including Plaintiffs' Petition, is attached hereto as **Exhibit A**.

3. Defendant Wright Medical Group, Inc. ("WMG") has not been served in this action.²

4. This case is removable to this United States District Court, pursuant to 28 U.S.C. § 1332(a)(1), because this Court has original subject matter jurisdiction over this action between citizens of different states in which the amount in controversy exceeds $75,000.

5. Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Missouri, Eastern Division, is the United States District Court for the district and division embracing the place where the state court case was pending, specifically, the Twenty-Second Judicial Circuit, City of St. Louis, Missouri.³

## CITIZENSHIP OF PARTIES

6. Upon information and belief, and according to the underlying case docket, Plaintiffs are citizens of Missouri.

7. Plaintiff admits that Wright Medical is a citizen of Delaware and Tennessee. (Pet. ¶ 5.) WMG is a Delaware corporation with its principal place of business in Tennessee. (Pet. ¶ 2.) Under 28 U.S.C. § 1332(c)(1) a corporation is deemed to be "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

---

² Wright Medical Group, Inc. is represented by the undersigned counsel and, through counsel, hereby consents to removal of this action. By consenting to this removal, WMG does not consent to jurisdiction and expressly reserves its right to challenge jurisdiction. *See Nationwide Eng'g & Control Sys., Inc. v. Thomas,* 837 F.2d 345, 347-48 (8th Cir. 1988) ("Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction"); *see also* Wright & Miller, 20 Fed. Prac. & Proc. Deskbook § 42 (2d ed. April 2019 update) ("Defendant waives nothing by removal.").

³ Wright Medical contests that venue of this case was proper in the City of St. Louis and, if this case is remanded, intends to seek transfer to the appropriate venue of St. Louis County. Regardless, even if this action was properly filed in St. Louis County, removal would still be to this District—making removal here appropriate.

principal place of business." For purposes of 28 U.S.C. § 1332(c)(1), Defendants are therefore deemed to be citizens of Delaware and Tennessee.

8. As between Plaintiffs and Defendants, there is complete diversity of citizenship. Therefore, under 28 U.S.C. § 1441(b)(2), jurisdiction and removal is appropriate.

## AMOUNT IN CONTROVERSY

9. Removal is proper under 28 U.S.C. § 1446(c)(2)(B) if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

10. Under § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." To determine whether the jurisdictional amount in controversy has been met, the Court may make an independent evaluation of the monetary value of the claim based on the allegations in the complaint and the assertions and proof set forth in this Notice of Removal to determine whether the preponderance of the evidence indicates that the jurisdictional threshold has been met. *See Missouri ex. rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

11. Here, Plaintiffs' Petition states only that Plaintiff Vernon Allen "prays for judgment in his favor and against defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc. in an amount in excess of this court's jurisdictional minimum." (Pet. *Prayers for Relief*.) The jurisdictional minimum for the Circuit Court of the City of St. Louis is $25,000. *See* Local Rule 6.1.1.4.

12. Plaintiffs claim that as a result of alleged defects in the knee implant components at issue, Plaintiff Allen Vernon suffered injuries to his right knee and leg and was forced to undergo a revision surgery in which the devices "were removed and replaced with insufficient replacement devices causing successive failures and prolonged recovery, pain and injuries." (Pet. ¶ 9.) Plaintiff

Vernon Allen consequently claims that he has suffered physical, mental and emotional injuries and harm, and economic loss which he has suffered and/or will continue to suffer partial or complete loss of mobility, loss of range of motion, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, loss of consortium, as well as the need for a revision surgery to replace the device." (Pet. ¶¶ 84, 95, 110, 122.) Plaintiff Vernon Allen also alleges that he has suffered a loss of wages and will in the future suffer a diminished capacity to earn wages in an amount presently undetermined." (Pet. ¶¶ 85, 96, 111, 123.)

13. Further, evidence of verdicts in cases alleging similar causes of action may satisfy the burden of showing the amount in controversy. *See Rodgers v. Wolfe*, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006); *Conner v. Minnesota Life Ins. Co.*, 2015 WL 13404335, at *1 (W.D. Mo. Sept. 2, 2015). Jury awards in excess of $75,000 in similar medical device products liability cases are not unusual. *See, e.g.*, *Kline v. Zimmer Holdings, Inc.*, No. BC444834 (Cal. Super. July 24, 2015) (awarding $9.2 million in jury trial for defectively manufactured medical device implant); *Tuitt, et al. v. Howmedica Osteonics Corp.*, 02 FJVR 9-56, 2002 WL 31780107 (S.D. Fla., May 17, 2002) (awarding $225,000 in jury trial for negligently designed knee implant); *Mulligan v. Howmedica*, JVR No. 139834, 1994 WL 730106 (S.D. Ohio, April, 1994) (awarding $216,000 in a jury trial for defectively manufactured knee implant). On these identical grounds, Wright Medical removed without opposition a matter alleging similar allegations regarding purported defects in medical device implants to this Court where the plaintiff alleged "in excess of $25,000" in damages. *See Gass v. Wright Medical Technology, Inc.*, Cause No. 2122-CC00259; Dkt. 1 (Mo. Cir. Ct. Feb. 2, 2021) (Petition attached hereto as **Exhibit B**); *see also Gass v. Wright*

4

*Medical Technology, Inc., et al.* 4:21-cv-00309, Dkt. No. 1 (E.D. Mo. March 11, 2021) (Notice of Removal attached hereto as **Exhibit C**).

14. Here too, it appears more likely than not that the amount in controversy exceeds $75,000. A fair reading of the Petition, coupled with the experience of undersigned counsel in these types of cases, as well as the magnitude of damages awards in similar cases, indicates that the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See e.g.*, *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Al. Sept. 12, 2013) (determining that jurisdictional threshold was met in cases alleging defects in Stryker knee replacement components where plaintiff alleged injuries including revision surgeries, loss of earnings, medical expenses, emotional suffering, and punitive damages, where plaintiff made an unspecified demand in complaint); *see also Milter v. Wright Medical Technology, Inc.*, No. 11-cv-11353, 2011 U.S. Dist. LEXIS 105692 (E.D. Mich. Sept. 19, 2011) (holding that claims against Wright Medical for physical injuries, resulting in medical expenses and lost wages, resulting from receipt of an allegedly defective hip implant exceeded jurisdictional threshold); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (concluding that jurisdictional threshold was met in a products liability action involving an allegedly defective medical device implant manufactured by Stryker, where plaintiff sought damages for physical pain and medical expenses).

15. Based on the allegations, it is plain that the amount in controversy pleaded in the Petition exceeds the $75,000 jurisdictional threshold. *See, e.g.*, *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002) (finding the jurisdictional amount in controversy requirement satisfied and concluding "as legal matter that a fact finder might conclude that the damages of each plaintiff exceeds the jurisdictional amount" where plaintiffs claimed "numerous serious and

disabling injuries," as well as lost wages); *see also Keithly v. Mocadlo*, No. 4:16-CV-1892, 2017 WL 513053, at *2 (E.D. Mo. Feb. 8, 2017) (finding the jurisdictional amount in controversy requirement satisfied where plaintiff claimed to suffer "permanent, progressive, and disabling injuries.").

## PROCEDURAL REQUIREMENTS FOR REMOVAL

16. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of Wright Medical's receipt, by service of process or otherwise, of the initial pleading. It is being filed in the District Court setting forth the claim for relief upon which this proceeding is based and which establishes the right to remove this action to this Court.

17. Copies of all process, pleadings, and orders on file with the Twenty-Second Judicial Circuit, City of St. Louis, Missouri in this matter are attached hereto as Exhibit A.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served this day upon Plaintiffs and filed with the Clerk of the Twenty-Second Judicial Circuit, City of St. Louis, Missouri. A copy of the Notice to the State Court, without exhibits, will be filed in this case, as will a copy of the Notice to Plaintiffs.

19. By removing this matter, Wright Medical does not waive and expressly reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses, including as to service of process, venue, or jurisdiction.

20. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. § 1446. The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned upon review of the material available, including Exhibit A hereto.

21. Based on the foregoing, Wright Medical has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and that

this action is one that may be removed to this Court by Wright Medical pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

22. In the event Plaintiffs file a request to remand, or the Court considers remand *sua sponte*, Wright Medical respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Wright Medical hereby removes the above-captioned action, Cause No. 2122-CC09676 from the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

Dated: December 9, 2021

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Kevin F. Hormuth
Kevin F. Hormuth, No. 48165 MO
kfh@greensfelder.com
David P. Niemeier, No. 50969 MO
dpn@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: (314) 241-9090
Facsimile: (314) 241-8624

*Attorney for Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc.*

**CERTIFICATE OF SERVICE**

   The undersigned certifies that on this 9th day of December, 2021, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by email upon all counsel of record.

Brian Stokes, Esq.
The Stokes Law Office
133 South 11th Street, Suite 350
St. Louis, Missouri 63102
tokeslawoffice@yahoo.com

*Attorney for Plaintiffs*

                /s/ Kevin F. Hormuth

1929202