# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VERNON ALLEN and MELANIE ALLEN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WRIGHT MEDICAL TECHNOLOGY, INC. ) <br> ) <br> Defendant. ) | Case No. 4:21-cv-01444-SEP |

## MEMORANDUM AND ORDER

Before the Court is Defendant Wright Medical Technology, Inc.'s Motion to Dismiss Counts II and V of Plaintiffs' Complaint. Doc. 11. The Motion is fully briefed and ready for disposition. For the reasons set forth below, the Motion is denied.

### FACTS AND BACKGROUND

Plaintiffs filed a Complaint in the Circuit Court for the City of St. Louis, Missouri, claiming that a surgically implanted artificial knee device designed, manufactured, distributed, and sold by Defendant, caused them injury. Doc. 4. Plaintiff Vernon Allen, in whose knee the device was implanted, alleges that the device injured him directly; Plaintiff Melanie Allen, Vernon's spouse, brings a claim for loss of consortium. The Complaint sets forth six counts:

Count I:  negligence;
Count II:  strict products liability for manufacturing defect;
Count III:  strict products liability for design defect;
Count IV:  strict products liability for inadequate warning;
Count V:  negligent misrepresentation;
Count IV:  loss of consortium.

Defendant removed the action to this Court on December 9, 2021. Doc. 1. Defendant filed this Motion on January 18, 2022, seeking to dismiss Counts II and V under Federal Rule of Civil Procedure 12(b)(6). Doc. 11. On February 1st, Plaintiffs filed a motion to voluntarily dismiss Count II pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Doc. 13. The Court granted Plaintiffs' motion on February 7th. Doc. 18. Therefore, the only remaining issue is the sufficiency of Count V.

1

**LEGAL STANDARD**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, a court assumes the factual allegations of a complaint are true, *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), and draws all reasonable inferences in the non-movant's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citation omitted).

The sufficiency of a complaint is ordinarily tested by the general pleading standard of Federal Rule of Civil Procedure 8, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

All claims "grounded in fraud," however, must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015) (citations omitted). To satisfy Rule 9(b), "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). In essence, the plaintiff must plead the "who, what, where, when, and how" of the circumstances constituting fraud. *Ascente Bus. Consulting, LLC v. DR myCommerce*, 9 F.4th 839, 845 (8th Cir. 2021) (citations omitted).

**DISCUSSION**

In Count V Plaintiffs allege a claim for negligent misrepresentation. Doc. 4 ¶¶ 125-29. To plead a claim for negligent misrepresentation under Missouri law, Plaintiffs must allege sufficient facts to establish that:

    (1) the speaker supplied information in the course of his business;
    (2) because of the speaker's failure to exercise reasonable care, the information was false;
    (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction;
    (4) the hearer justifiably relied on the information; and
    (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. banc 2010) (citation omitted).

**I.     Rule 9(b) does not apply to claims for negligent misrepresentation**.

Defendant argues that Count V must be dismissed because it fails to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).  *See* Doc. 12 at 5.  There is conflicting precedent among federal courts as to whether Rule 9(b) applies to claims for negligent misrepresentation, but the Eighth Circuit does not require district courts to apply Rule 9(b) to such claims, and the trend in this District is to analyze claims for negligent misrepresentation under the general pleading requirements of Rule 8(a).

Defendant relies on *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, for the proposition that claims "grounded in fraud" must meet Rule 9(b).  Doc. 12 at 15 (citing *Streambend*, 781 F.3d at 1010).  But *Streambend* did not apply Rule 9(b) to negligent misrepresentations.  781 F.3d at 1011, 1013.  The Eighth Circuit noted that "[a]t least some of our sister circuits also apply Rule 9(b) to 'associated claims'" such as negligent misrepresentation, *id.* at 1011 (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 15 n.4 (1st Cir. 2009)), but the Court later explained that "if there are no specific averments of fraud, only allegations of innocent or *negligent misrepresentations* and omissions, then the sufficiency of th[e] claim is governed by the notice pleading standards of Rule 8(a)."  *Id.* at 1013 (emphasis added).  Moreover, the Eighth Circuit had earlier held that "federal courts may not apply the heightened pleading standard of Rule 9(b) outside the two specific instances—fraud and mistake—explicitly found in the Rule."  *In re NationsMart Corp. Securities Litig.*, 130 F.3d 309, 315 (8th Cir. 1997).  Instead, courts should "look closely at the elements of the claims," and determine whether the allegations are "necessarily grounded in fraud."  *Streambend*, 781 F.3d at 1012 (quoting *NationsMart*, 130 F.3d at 320).  For example, in *NationsMart*, the Eighth Circuit reversed the dismissal of two

3

claims that did not contain an element of fraud but affirmed the dismissal of a claim that required proof of scienter. 130 F.3d at 314-16, 318-21. As noted above, the elements of negligent misrepresentation under Missouri law do not require Plaintiffs to prove fraud or scienter. *See Renaissance Leasing*, 322 S.W.3d at 134.

Defendant also relies on three cases from district courts in Missouri. *See Davis v. Eisai, Inc.*, 2021 WL 4810702, at *1-2 (W.D. Mo. Oct. 14, 2021); *Webb v. Dr Pepper Snapple Grp., Inc.*, 2018 WL 1955422, at *2 (W.D. Mo. Apr. 25, 2018); *In re Express Scripts, Inc., Pharmacy Benefits Mgmt. Litig.*, 2007 WL 1796224, *13 (E.D. Mo. June 20, 2007). Although decisions of other district courts are not binding on this Court, *Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011) (citation omitted), they may be persuasive authority. The Court is not persuaded by Defendant's reliance on such cases in this instance, however. In *Davis*, the district court applied Rule 9(b) to a negligent misrepresentation claim, relying on its own previous practice and citing *Streambend* for the proposition that "claims 'grounded in fraud' must meet" Rule 9(b). *Davis*, 2021 WL 4810702, at *1-2. As noted above, however, *Streambend* did not apply Rule 9(b) to a negligent misrepresentation claim. In *Webb*, the district court applied Rule 9(b) to both intentional and negligent misrepresentation claims, citing previous decisions from the Western District of Missouri and the District of Minnesota. *Webb*, 2018 WL 1955422, at *2-3 (citing *Khaliki v. Helzberg Diamond Shops, Inc.*, 2011 WL 1326660, at *3 (W.D. Mo. Apr. 6, 2011); *Great Lakes Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 871 F. Supp. 2d 843, 859-60 (D. Minn. 2012)). In *Express Scripts*, the district court noted that plaintiffs did not dispute that Rule 9(b) applied to their negligent misrepresentation claim and then went on to analyze it under both Rule 9(b) and the ordinary Rule 8 standard. 2007 WL 1796224, at n.7, *13-14.

Moreover, Defendant's examples of the application of Rule 9(b) cut against the prevailing trend in this District, which is to apply the general pleading requirements of Federal Rule of Civil Procedure 8(a) to negligent misrepresentation claims. *See, e.g.*, *First Franklin Fin. Corp. v. Advantage Mortg. Consulting, Inc.*, 2007 WL 4454292, at *5 (E.D. Mo. Dec. 14, 2007) ("The particularity requirements of Rule 9(b) do not apply to a claim of negligent misrepresentation.") (citations omitted); *Secure Energy, Inc. v. Coal Synthetics*, 2009 WL 10694916, at *4 (E.D. Mo. June 8, 2009) ("Plaintiffs . . . are not required to plead a claim for negligent misrepresentation with particularity because the particularity

4

requirements of Rule 9(b) do not apply.  Plaintiffs are only required to satisfy the pleading requirements of [Rule] 8(a) . . . .") (citing *First Franklin*, 2007 WL 4454292, at *5); *Giant Trading, Inc. v. Int'l Fuel Tech., Inc.*, 2010 WL 11706627, at *2 n.4 (E.D. Mo. May 4, 2010) (same); *Mounger Const., LLC v. Fibervision Cable Servs., LLC*, 2012 WL 1745543, at *3 (E.D. Mo. May 16, 2012) (noting that "Eighth Circuit case law states 'that federal courts may not apply the heightened pleading standard of Rule 9(b) outside the two specific instances—fraud and mistake—explicitly found in the Rule,'" and holding that the plaintiff's "negligent misrepresentation claim must comply only with Rule 8(a)'s general pleading requirement") (quoting *NationsMart*, 130 F.3d at 315); *Hill v. Bank of Am., N.A.*, 2016 WL 6441599, at *5 (E.D. Mo. Nov. 1, 2016) (same).  The Court agrees with these sister courts that, under Eighth Circuit precedent, Plaintiffs' claim for negligent misrepresentation need only satisfy the general pleading requirements of Rule 8(a).

**II.     Count V states a claim for negligent misrepresentation under Rule 8**.

Although Defendant rests entirely on Rule 9(b) arguments and does not argue that Count V fails to satisfy Rule 8, *see generally* Docs. 12, 20, the Court nevertheless finds that Count V does satisfy the applicable Rule 8 pleading standard.  Plaintiff alleges that Doctor Paul Lux, an alleged agent of Defendant, made statements to Plaintiff and others regarding the functionality and durability of the knee implant device, Doc. 4 ¶¶ 24-26; that Defendant paid "kickbacks" to physicians like Doctor Lux, *id.* ¶ 32; that Doctor Lux made the aforementioned statements in his capacity as a physician while addressing patients with limited knowledge of knee replacement devices, *id.* ¶¶ 24-27; that Mr. Allen relied on Doctor Lux's expert advice in deciding to undergo knee surgery, *id.* ¶¶ 15, 24-27; and that, as a result of the device's failure, Mr. Allen was required to undergo emergency surgery, *id.* ¶ 21.  Those allegations are sufficient to state a plausible claim for negligent misrepresentation.  *See Renaissance Leasing*, 322 S.W.3d at 134.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. 11, is **DENIED**.

Dated this 13th day of September, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5